### BOSTON AND MAINE RAILROAD v. WENTWORTH.

The provision in the statute of December 23, 1840, chapter 584, section 2, authorizing land owners in certain cases to employ counsel at the expense of railroad corporations, applies only to proceedings under that statute.

PETITION, by the railroad, for the assessment of damages occasioned by taking the land of said Wentworth for the use of the road. The petition was dated December 27, 1841, and entered at the January term, 1842. At the May term of the Court of Common Pleas a committee was appointed to assess damages. By agreement of parties, the committee appointed the 10th day of January, 1843, to attend to the duties of their appointment, and two only of the committee appearing they adjourned until the 19th of said January, and awarded the damages at four hundred and seventy-five dollars. Their report was made at the Court of Common Pleas, January term, 1843, and the consideration thereof was continued until the August term following, when the report was accepted, and Wentworth petitioned the court for a jury to determine his damages; whereupon a jury was ordered by the court and a trial had. The verdict awarded to Wentworth the sum of seven hundred and fifty-five dollars as his damages. Judgment was made up for that sum, and the amount of the taxable costs of the jury trial, which were taxed at thirty-eight dollars and sixty cents. Wentworth then moved the court to tax and allow him his counsel fees in said proceedings, amounting to seventy-five dollars. Of the amount claimed the court allowed forty-three dollars, to which determination of the court both parties excepted; the railroad objecting that the court are not by law authorized to allow any counsel fees in the case; and Wentworth, because the court did not allow the whole amount which he had expended for counsel fees in the prosecution of his claim for damages.

*Wells* and *Bell*, for the petitioners.

*Christie* and *Marston*, for the defendant.

GILCHRIST, J. The statute of December 23, 1840, gives the owners of land which has been taken by a railroad corporation for the use of the road, for which he shall not have been fully compensated by the fifteenth of March, 1841, certain summary remedies, specified in the first section, with a proviso that the same shall not apply to such corporations as may before that time, at their own expense, procure a committee to be appointed by the Court of Common Pleas, to award to the land owner the damages for the land so taken.

The second section directs the manner in which the corporation shall notify to the land owner its intention of making the application, and provides that the land owner may employ counsel, who shall be paid by the party applying for the appointment of the committee.

The third and last section authorizes the railroad, upon the party's refusal of the sum awarded by the committee and tendered for his acceptance, to continue to use the land, leaving the party refusing to the remedies provided by law.

The land owner, the petitionee in the proceedings before the court, claims an allowance for counsel fees incurred and expended by him in a proceeding commenced by the railroad on the 27th day of December, 1841, long after the period limited in the statute of December, 1840, and which was not conducted in the manner pointed out in that statute, but which was carried before a jury and terminated in a verdict.

The application for the allowance cannot, therefore, prevail, except upon the ground that the provision in the second section of the act referred to was intended to apply to all proceedings for compensation for damages for

land taken by railroad corporations. But such we do not deem the true construction of the statute. The provision seems intended only for the particular class of proceedings authorized by the statute of which it forms a part; and there is no more reason for singling out this than any other, and tacking it to laws previously in force. No counsel fees whatever should have been allowed by the court below, and therefore

*The petitioner's exceptions prevail.*